Dan Nelson (DN4940)
Kevin P. McCulloch (KM0530)
Nate A. Kleinman (NK3168)
NELSON & McCULLOCH LLP
155 East 56th Street
New York, New York 10022
T: (212) 355-6050
F: (646) 308-1178

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JUSTIN GREEN, | Case No. |
| *Plaintiff,* | |
| v. | ECF Case<br>Electronically Filed |
| RESIGNATION HOLDINGS, LLC, | **COMPLAINT**<br>JURY TRIAL DEMANDED |
| *Defendant*. | |

Plaintiff JUSTIN GREEN ("Plaintiff"), by and through undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure and the Local Rules of this Court, hereby demands a trial by jury of all claims and issues so triable, and, as and for his Complaint for copyright infringement against Defendant RESIGNATION HOLDINGS, LLC ("Resignation"), hereby asserts and alleges as follows:

**NATURE OF THE ACTION AND RELIEF SOUGHT**

1.  This is an action for copyright infringement brought against Defendant by Plaintiff, the owner of copyrights in a photograph, titled "The Empire" (the "Photo"), that was used without license or permission. A copy of the Photo is attached hereto as "EXHIBIT 1."

2.  Plaintiff seeks damages and other relief related to Defendant's knowing and

willful infringement of Plaintiff's copyrights in the original work identified in EXHIBIT 1 and which is the subject of this action.

## JURISDICTION AND VENUE

3. Jurisdiction for Plaintiff's claims lies with the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights).

4. Venue is proper in this Court under 28 U.S.C. §§ 1391(a) and (b) because Defendant conducts substantial business within the State of New York, has infringed Plaintiff's copyright within the State of New York and in this District as described herein, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the State of New York.

## PARTIES

5. Plaintiff Justin Green is a professional photographer who makes his living by taking, licensing, and selling his photographs.

6. Plaintiff is a resident of the United Kingdom.

7. Defendant Resignation Holdings is a Delaware limited liability company that owns and operates several media aggregation websites, including "theBERRY.com," "theCHIVE.com," and "theBOMB.com."

## FACTUAL ALLEGATIONS

8. Plaintiff Justin Green is a professional photographer who makes his living by taking, licensing, and selling his photographs.

9. Plaintiff is the sole author and creator of the Photo at issue in this action, a copy

of which is attached hereto as EXHIBIT 1.

10. The Photo was taken on March 17, 2014, in the Lower East Side neighborhood of Manhattan, New York City.

11. Plaintiff registered his copyrights in the Photo with the United States Copyright Office, effective March 25, 2014.

12. On June 16, 2014, Defendant, through one of its agents and/or employees, published the Photo as part of its "Morning Coffee" feed on theBerry.com. Attached hereto as "EXHIBIT 2" is a screen capture of this use, taken on September 20, 2014.

13. Defendant did not request a license or otherwise seek permission from Plaintiff prior to using the Photo on its website.

14. After his initial inquiries were ignored, Plaintiff e-mailed the DMCA contact for theBERRY on February 3, 2015.

15. Defendant's General Counsel, Joe Bonavita, responded to this inquiry by claiming that the Photo had been removed from Defendant's website in June 2014, despite Plaintiff's date-stamped screen capture (*see* EXHIBIT 2) showing that the Photo was still being displayed in September 2014.

16. Defendant's website contains substantial commercial advertisements, through which it generates revenue.

17. Upon information and belief, Defendant's website attracts millions of viewers each month.

18. Defendant has profited from its unauthorized use of Plaintiff's Photo.

## COUNT I
## COPYRIGHT INFRINGEMENT

19. Plaintiff repeats and re-alleges each allegation set forth above as if set forth fully

herein.

20. Plaintiff is the author and registered copyright owner of the creative work identified herein and that is the subject of this action.

21. Defendant illegally copied and published Plaintiff's creative work without a proper license or permission.

22. Defendant's infringements were willful, knowing, intentional, and/or reckless.

23. By copying, distributing, displaying, publishing, and otherwise exploiting Plaintiff's copyrighted work, Defendant infringed Plaintiff's copyrights in the creative work identified herein and caused Plaintiff significant injuries, damages, and losses in amounts to be determined at trial.

24. Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including Defendant's profit attributable to the infringements, and damages suffered as a result of the lack of compensation, credit, and attribution from any diminution in the value of Plaintiff's copyrighted work.

25. Plaintiff also seeks all attorneys' fees and any other costs incurred in pursuing and litigating this matter.

**WHEREFORE,** Plaintiff respectfully prays for judgment on his behalf and for the following relief:

1. A trial by jury of all claims and issues so triable;

2. A preliminary and permanent injunction against Defendant from copying, displaying, distributing, advertising, promoting, and/or exploiting in any manner the copyrighted work identified herein, and requiring Defendant to deliver to the Court for destruction or other appropriate disposition all relevant materials, including digital files and all copies of the

infringing materials described in this complaint that are in the control or possession or custody of Defendant;

      3.      All allowable damages under the Copyright Act, including, but not limited to, statutory or actual damages, including damages incurred as a result of Plaintiff's loss of licensing revenue and Defendant's profits attributable to infringements, and damages suffered as a result of the lack of credit and attribution;

      4.      Plaintiff's full costs, including litigation expenses, expert witness fees, interest, and any other amounts authorized under law, and attorneys' fees incurred in pursuing and litigating this matter;

      5.      Any other relief authorized by law, including punitive and/or exemplary damages; and

      6.      For such other and further relief as the Court deems just and proper.


Dated: New York, New York
       October 2, 2015

                                  NELSON & MCCULLOCH LLP

                        By:   _____
                                  Nate Kleinman
                                  155 East 56th Street
                                  New York, New York 10022
                                  T: (212) 355-6050
                                  F: (646) 308-1178
                                  nate@nmiplaw.com

                                  *Counsel for Plaintiff*